IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WISDOM VAUGHN, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:23-CV-02612-N |
| § | |
| SOLERA HOLDINGS LLC, *et al.*, § | |
| § | |
| Defendants. § | |

## **MEMORANDUM OPINION AND ORDER**

This Order addresses Defendants Solera Holdings, LLC ("Solera") and Spireon, Inc.'s ("Spireon") motion to compel discovery responses and production [15]. For the following reasons, the Court grants in part and denies in part the motion.

### I. ORIGINS OF THE DISPUTE

This is an employment discrimination case. Vaughn alleges sex, race, and retaliation discrimination in violation of Title VII and 42 U.S.C. § 1981. Pl.'s Compl. ¶¶ 34-42 [1]. Defendants served requests for production and interrogatories on Vaughn. Defendants later filed this motion to compel complete responses to some of the requests. *See* Defs.' Mot. Compel [15]. Vaughn then served her first set of amended discovery responses on Defendants. Pl.'s Resp. Br. Defs.' Mot. Compel 1 [21]. Defendants then requested further information and documents from Vaughn, so Vaughn sent a second set of amended discovery responses to Defendants. *Id.* at 2. As a result of further conference, the parties independently resolved several of the issues in this dispute. This Order addresses the remaining disputed discovery requests.

MEMORANDUM OPINION AND ORDER – PAGE 1

## II. LEGAL STANDARD FOR DISCOVERY

Federal Rule of Civil Procedure 26 allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). A litigant may request the production of documents falling "within the scope of Rule 26(b)" from another party if the documents are in that party's "possession, custody, or control." FED. R. CIV. P. 34(a). To enforce discovery rights, a "party seeking discovery may move for an order compelling an answer, designation, production, or inspection." FED. R. CIV. P. 37(a)(3)(B). The Fifth Circuit requires the party seeking to prevent discovery to specify why the discovery is not relevant or show that it fails the proportionality requirements. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.3d 1482, 1485 (5th Cir. 1990); *see also Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005).

Courts construe relevance broadly, as a document need not, by itself, prove or disprove a claim or defense or have strong probative force to be relevant. *Samsung Elecs. Am. Inc. v. Chung*, 321 F.R.D. 250, 280 (N.D. Tex. 2017). A district court has wide discretion to supervise discovery, however, and may limit discovery if it would be unreasonably cumulative, could be obtained more easily from a different source, is not proportional to the needs of the case, or if the burden or expense of proposed discovery outweighs its potential benefit. FED. R. CIV. P. 26(b)(2)(C); *see also Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990).

### III. THE COURT GRANTS IN PART AND DENIES IN PART DEFENDANTS' MOTION TO COMPEL

Vaughn's second amended responses to Defendants' discovery requests resolved several of the requests in dispute. Per counsel, the parties have independently resolved all issues in Defendants' motion to compel except the sufficiency of Vaughn's responses to Interrogatory Nos. 1–8 and Request for Production No. 23. The Court analyzes the remaining requests in dispute below.

#### *A. Interrogatory Nos. 1 and 2*

Interrogatory Nos. 1 and 2 ask Vaughn to identify each occasion on which she contends a Spireon employee discriminated against her because of race and sex. *See* Pl.'s App. 1, 4. Defendants seek to compel Vaughn "to identify the dates the alleged discriminatory acts" she described in Interrogatory Nos. 1 and 2 occurred or, alternatively, compel her to identify which acts "occurred before November 20, 2020." Defs.' Reply Defs.' Mot. Compel 3 [22]. In her second amended responses to Interrogatory Nos. 1 and 2, Vaughn stated that the conduct regularly occurred in weekly team meetings and Slack conversations from 2016 until Vaughn was terminated. Pl.'s App. 2-3. She explained that "to the extent [she] has referred to conduct occurring in certain years, she is unable to specifically recall the month or day these incidents occurred." *Id.* at 2-3. Further, Vaughn elaborated in response to the motion to compel that she responded to Interrogatory Nos. 1 and 2 "with the most specificity that she can provide" because she "did not keep a daily diary or calendar or journal which would allow her to respond with more specificity." Pl.'s Resp. Br. Defs.' Mot. Compel 5.

MEMORANDUM OPINION AND ORDER – PAGE 3

The Court finds that the information in Vaughn's second amended responses and response to the motion to compel sufficiently answers Interrogatory Nos. 1 and 2. Accordingly, the Court orders Vaughn to supplement her responses to Interrogatory Nos. 1 and 2 with the information she provided in her response to the motion to compel within thirty (30) days of this Order and denies Defendants' motion to compel additional information in response to Interrogatory Nos. 1 and 2.

### B. Interrogatory Nos. 3, 4, 5, and 6

Interrogatory Nos. 3, 4, 5, and 6 request information regarding each occasion on which Vaughn contends she experienced or reported incidents of discrimination and retaliation, including the dates of such events. *See* Pl.'s App. 4-7. Vaughn objects to providing specific dates in response to Interrogatory Nos. 3, 4, 5, and 6 as unduly burdensome. *Id.* at 5-7. She claims that she made at least fifty (50) complaints over a five-year period and that she lost access to her Teams messages, Slack messages, and emails — where she documented the dates — after her termination from Spireon. *Id.* Defendants request that the Court overrule Vaughn's objections to Interrogatory Nos. 3, 4, 5, and 6, arguing it "is not unduly burdensome for Defendants to request the dates [Vaughn] engaged in alleged protected activity." Defs.' Reply Defs.' Mot. Compel 3.

Vaughn, as the party resisting discovery, "must show specifically how . . . each question is overly broad, burdensome, or oppressive." *McLeod*, 894 F.3d at 1485 (citation omitted). Vaughn's objections to providing specific dates in response to Interrogatory Nos. 3, 4, 5, and 6 show specifically how the request for dates is unduly burdensome. Her explanation that she made over fifty complaints and that she does not have access to the

MEMORANDUM OPINION AND ORDER – PAGE 4

platforms on which she documented the complaints provides sufficient corroboration of an undue burden created by Defendants' requests. Accordingly, the Court denies Defendants' request to overrule Vaughn's objections to Interrogatory Nos. 3, 4, 5, and 6.

### C. Interrogatory No. 7

Interrogatory No. 7 asks Vaughn to identify "each individual outside [her] protected class whom [she] contend[s] received more 'favorable working conditions' than [she did] with Spireon." Pl.'s App. 8. Parts (a)–(d) of Interrogatory No. 7 request that Vaughn specify: (a) the characteristics placing the individual outside Vaughn's protected class; (b) how the individual is otherwise similarly situated to Vaughn; (c) the occasions the individual received preferential treatment; and (d) the Spireon employee who gave the individual preferential treatment. *Id.* Defendants seek to compel Vaughn to "amend her response to Interrogatory No. 7 to name each alleged comparator and provide the information in (a)–(d) for each alleged comparator" and "remove the statement requesting a roster as Defendants already provided a roster of all IT employees." Defs.' Reply Defs.' Mot. Compel 5.

In her second amended responses to Interrogatory No. 7, Vaughn contended that "the Caucasian and male IT peers on her team were her comparators and that they received preferential treatment." Pl.'s App. 8. She explained, however, that she could not identify these individuals by name "without being provided a roster of employees." *Id.* Vaughn later received a copy of the roster from Defendants that she could view, Defs.' App., Ex. H, 45 [22-1], and included the names of the comparators in her response to the motion to

MEMORANDUM OPINION AND ORDER – PAGE 5

compel. *See* Pl.'s Resp. Br. Defs.' Mot. Compel 6 (listing "Jeff Lewandowski, David Stackis, Dom Kimball, [] and Joel Orr" as the comparators).

The Court finds that the information in Vaughn's second amended responses and response to the motion to compel sufficiently answers Interrogatory No. 7. Accordingly, the Court orders Vaughn to supplement her response to Interrogatory No. 7 with the information she provided in her response to the motion to compel within thirty (30) days of this Order. Additionally, because Defendants produced the roster of IT employees to Vaughn, the Court orders Vaughn to remove her statement requesting the roster from her response to Interrogatory No. 7 within thirty (30) days of this Order. Lastly, the Court denies Defendants' motion to compel additional information in response to Interrogatory No. 7.

### D. Interrogatory No. 8

Defendants also seek to compel Vaughn to "amend her answer to Interrogatory No. 8 to include post-termination income amounts for 2021 and 2022." Defs.' Reply Defs.' Mot. Compel 5. On June 14, 2024, Vaughn's counsel stipulated that she would amend her response to Interrogatory No. 8 to include the post-termination income amounts for 2021 and 2022. Defs.' App., Ex. H, 48. Vaughn has not yet amended her response to Interrogatory No. 8. Accordingly, the Court grants Defendants' motion to compel Vaughn to amend her answer to Interrogatory No. 8 and orders Vaughn to amend her response to include her post-termination income amounts for 2021 and 2022 within thirty (30) days of this Order.

### *E. Request for Production No. 23*

Request for Production No. 23 seeks documents and communications regarding "all sources and amounts of income and any other type of compensation received by [Vaughn] from October 2021 to the date of the trial, including, but not limited to, bills and invoices, W-2 forms, 1099 forms, paycheck stubs, deposit slips, unemployment compensation information, disability compensation, and related financial records." Pl.'s App. 14. Vaughn responded that she "has produced redacted tax returns reflecting earned income earned since [her] termination," but is "withholding documents not related to employment earnings and compensation." *Id.* She argues that Request No. 23 is overbroad and unduly burdensome because "only compensation relating to employment earnings since termination can be used to reduce backpay and frontpay damages." Pl.'s Resp. Br. Defs.' Mot. Compel 7; *see also* Pl.'s App. 14.

The Court holds that Vaughn has failed to meet her burden to show why the discovery is not relevant or show that it fails the proportionality requirements. *See McLeod*, 894 F.3d at 1485. Sources of income or financial support from sources other than employment earnings are an appropriate area of inquiry in employment discrimination cases. *See Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 583-84 (N.D. Tex. 2016) (granting motion to compel discovery of sources of income beyond employment-related income). Thus, all of Vaughn's sources of income and compensation are relevant here. Accordingly, the Court grants Defendants' motion to compel a complete response to Request for Production No. 23.

CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Defendants' motion to compel.  The Court denies Defendants' motion to compel Vaughn to provide additional information in response to Interrogatory Nos. 1, 2, and 7 and denies Defendants' request to overrule Vaughn's objections to Interrogatory Nos. 3, 4, 5, and 6.  The Court, however, grants Defendants' motion to compel Vaughn to provide complete responses to Interrogatory No. 8 and Request for Production No. 23.  Finally, the Court orders that within thirty (30) days of this Order, Vaughn will provide complete responses to Interrogatory No. 8 and Request for Production No. 23 and supplement her responses to Interrogatory Nos. 1, 2, and 7 with the information she provided in her response to the motion to compel.

Signed September 4, 2024.

                                                                           David C. Godbey
                                                          Chief United States District Judge