IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WISDOM VAUGHN, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:23-CV-02612-N |
| § | |
| SOLERA HOLDINGS, LLC, *et al.*, § | |
| § | |
| Defendants. § | |

### **MEMORANDUM OPINION AND ORDER**

This Order addresses Defendants Solera Holdings, LLC ("Solera") and Spireon, Inc.'s ("Spireon") motion to compel discovery responses [38] and Plaintiff Wisdom Vaughn's motion to compel discovery responses [41]. For the following reasons, the Court grants Defendants' motion and grants in part and denies in part Vaughn's motion.

### I. ORIGINS OF THE DISPUTE

This is an employment discrimination case. Vaughn was an IT employee at Spireon, which was acquired by Solera after Vaughn's termination. Pl.'s Compl. ¶¶ 15, 31 [1]. She alleges sex and race discrimination and retaliation in violation of Title VII and 42 U.S.C. § 1981. *Id.* ¶¶ 34–42. Defendants filed a motion to compel responses to several requests in their Third Set of Interrogatories and First Set of Requests for Admission. *See* Defs.' Mot. 1 [38]. Additionally, Vaughn filed a motion to compel responses to several requests in her First Set of Interrogatories and First Set of Requests for Production. *See* Pl.'s Mot. 1 [41]. The parties independently resolved several of the issues in this dispute. This Order addresses the remaining disputed issues.

MEMORANDUM OPINION AND ORDER – PAGE 1

## II. LEGAL STANDARD FOR DISCOVERY

Federal Rule of Civil Procedure 26 allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). A litigant may request the production of documents falling "within the scope of Rule 26(b)" from another party if the documents are in that party's "possession, custody, or control." FED. R. CIV. P. 34(a). A litigant may also serve on another party "a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1)" regarding the facts, application of law to facts, or opinions about either. FED. R. CIV. P. 36(a)(1). Further, a litigant may serve interrogatories on another party relating "to any matter than may be inquired into under Rule 26(b)." FED. R. CIV. P. 33(a)(2). To enforce discovery rights, a "party seeking discovery may move for an order compelling an answer, designation, production, or inspection." FED. R. CIV. P. 37(a)(3)(B). The Fifth Circuit requires the party seeking to prevent discovery to specify why the discovery is not relevant or show that it fails the proportionality requirements. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.3d 1482, 1485 (5th Cir. 1990); *see also Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005).

Courts construe relevance broadly, as a document need not, by itself, prove or disprove a claim or defense or have strong probative force to be relevant. *Samsung Elecs. Am. Inc. v. Chung*, 321 F.R.D. 250, 280 (N.D. Tex. 2017). A district court has wide discretion to supervise discovery, however, and may limit discovery if it would be unreasonably cumulative, could be obtained more easily from a different source, is not proportional to the needs of the case, or if the burden or expense of proposed discovery

MEMORANDUM OPINION AND ORDER – PAGE 2

outweighs its potential benefit.  FED. R. CIV. P. 26(b)(2)(C); *see also Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990).

### III. THE COURT GRANTS DEFENDANTS' MOTION TO COMPEL

Defendants move for the Court to overrule Vaughn's objections to Defendants' Request for Admission Nos. 2, 4, 6, and 9 and Interrogatory Nos. 13, 15, and 17 and to order Vaughn to fully respond to these requests.  Defs.' Mot. 1.  Vaughn objects to the following terms as vague and ambiguous: (1) "derogatory race-based language (such as racial slurs)" in Request for Admission No. 2 and Interrogatory No. 13; (2) "derogatory language about sexual orientation (such as slurs against gay, lesbian, or bisexual individuals)" in Request for Admission No. 4 and Interrogatory No. 15; and (3) "misogynistic slurs" in Request for Admission Nos. 6 and 9 and Interrogatory No. 17.  *See* Defs.' App. 003–04, 007–09 [40].

A "party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity" and "must explain the specific and particular way in which a request is vague."  *VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 419 (N.D. Tex. 2021) (quoting *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018)).  Here, the Court finds that Vaughn has not met her burden of showing that the terms she objects to are vague or ambiguous.  Using "reason and common sense to attribute ordinary definitions" to the terms, the Court finds that the meaning of these terms is clear.  *See id.* Accordingly, the Court overrules Vaughn's objections to Request for Admission Nos. 2, 4, 6, and 9 and Interrogatory Nos. 13, 15, and 17, and orders Vaughn to fully respond to these Requests.

MEMORANDUM OPINION AND ORDER – PAGE 3

## IV. THE COURT GRANTS IN PART AND DENIES IN PART VAUGHN'S MOTION TO COMPEL

### *A. Request for Production No. 7*

In Request for Production No. 7, Vaughn seeks personnel documents of her supervisors "which reflect job performance, disciplinary actions, complaints by other employees concerning the supervisor, performance improvement plans, and termination documents." Pl.'s Mot. Br. 2 [42]. Defendants already produced documents from Vaughn's supervisors' personnel files relating to Vaughn's termination and searched for but did not find any documents reflecting complaints of discrimination or retaliation by other employees against the supervisors. *Id.*; *see also* Defs.' Resp. Br. 7–8 [48]. The parties dispute whether Defendants should be compelled to produce additional documents reflecting the job performance of Vaughn's supervisors. The Court determines that documents reflecting Vaughn's supervisors' job performance — beyond the documents that Defendants have already produced — are not relevant to Vaughn's claims and additionally present concerns about the privacy rights of the nonparty employees. *See Beasley v. First Am. Real Est. Info. Servs., Inc.*, 2005 WL 1017818, at *4 (N.D. Tex. 2005) (holding the plaintiff could not "rummage through the personnel files of [the supervisors] in hopes of discovering information that might possibly be relevant"). Accordingly, the Court denies Vaughn's motion to compel production of additional documents responsive to Request for Production No. 7.[1]

---

[1] Defendants also argue that the Court should deny Vaughn's motion as untimely. Defs.' Resp. Br 6. Because Vaughn filed the motion on the discovery deadline in the Court's

MEMORANDUM OPINION AND ORDER – PAGE 4

## B. Request for Production No. 8

In Request for Production No. 8, Vaughn seeks documents relating to her comparator's job performance. *See* Pl.'s Mot. Br. 4. Defendants produced all the comparator's disciplinary actions but objects to producing additional email communications reflecting complaints from internal customers regarding his IT helpdesk functions. Defs.' Resp. Br. 8–10; *see also* Pl.'s Reply 3–4 [57]. Defendants argue that the burden and expense of searching these communications to determine whether they reflect job performance would far outweigh any benefit. *Id.* Vaughn seeks to compel production of these documents. Pl.'s Reply 3–4.

As an initial matter, the Court finds that documents relating to the job performance of comparators are relevant to Vaughn's claims. *See Mathew v. Santander Consumer USA, Inc.*, 2024 WL 4995574, at *2 (N.D. Tex. 2024) (citing *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978)); *Martin v. Allstate Ins. Co.*, 292 F.R.D. 361, 365 (N.D. Tex. 2013). Further, parties must produce "actual evidence" to support an undue burden objection. *See Heller*, 303 F.R.D. at 490. Here, the declaration of Tayler Gray — an attorney for Defendants — does not specifically address the burden of reviewing and producing documents reflecting complaints from internal customers regarding Vaughn's comparator's IT helpdesk functions. *See* Gray Decl., Defs.' Resp. App. 075–77 [49]. Accordingly, the Court grants Vaughn's motion to compel production of additional

---

Scheduling Order [34], the Court finds that the motion is timely and thus declines to deny Vaughn's motion on this ground.

MEMORANDUM OPINION AND ORDER – PAGE 5

documents responsive to Request for Production No. 8 reflecting complaints from internal customers regarding Vaughn's comparator's IT helpdesk functions.

### C. Interrogatory No. 14 and Request for Production Nos. 9 and 10

In Interrogatory No. 14 and Request for Production Nos. 9 and 10, Vaughn seeks communications between employees regarding her factual allegations. *See* Pl.'s Mot. Br. 8–10. She seeks to compel Defendants to produce responsive documents from Slack and Chatter, employee-communication platforms. *Id.* at 11.

Regarding the Slack communications, Defendants explained that they do not have possession, custody, or control of documents from Slack because Spireon's Slack license never included message retrieval or exportation and Spireon did not otherwise store or archive Slack messages. Defs.' Resp. Br. 15. Because the Slack documents are not in Defendants' possession, custody, or control, the Court denies Vaughn's motion to compel the Slack documents.

Next, regarding the Chatter communications, Defendants argue that these communications are not relevant because sales employees, not IT employees, used Chatter, so Vaughn, her comparator, and her supervisors did not use the platform. *Id.* However, Vaughn produced a declaration of a former Spireon sales employee, Chris Constancio, in which he stated that Jim Kronenberger — a Spireon sales executive — had discriminated against Vaughn, including by making bigoted, sexist, and homophobic comments about her. Constancio Decl. ¶¶ 5–6, Pl.'s App. 509–10 [43-2]. Accordingly, there could be statements made by Kronenberger on Chatter that are relevant to Vaughn's claims. The Court thus grants her motion to compel production of documents from Chatter involving

MEMORANDUM OPINION AND ORDER – PAGE 6

Kronenberger that are responsive to Request for Production Nos. 9 and 10 and to compel a supplemental response to Interrogatory No. 14.

### D. Request for Production No. 12

In Request for Production No. 12, Vaughn seeks documents relating to her complaints of discrimination or retaliation and documents relating to Defendants' investigations of such complaints. *See* Pl.'s Mot. Br. 11. Vaughn seeks to compel production of documents from Slack that are responsive to this Request. As the Court previously discussed, documents from Slack are not in Defendants' possession, custody, or control, so the Court denies Vaughn's motion to compel production of documents from Slack that are responsive to Request for Production No. 12.

### CONCLUSION

First, the Court grants Defendants' motion to compel and overrules Vaughn's objections to Request for Admission Nos. 2, 4, 6, and 9 and Interrogatory Nos. 13, 15, and 17. Thus, the Court orders that within twenty-one (21) days of this Order, Vaughn will amend her responses to these Requests. Next, the Court grants in part and denies in part Vaughn's motion to compel. The Court denies her motion to compel responses to Request for Production Nos. 7 and 12 and grants her motion to compel a response to Request for Production No. 8. Regarding Interrogatory No. 14 and Request for Production Nos. 9 and 10, the Court grants her motion as it relates to documents on Chatter and otherwise denies the motion. Thus, the Court orders that within twenty-one (21) days of this Order, Defendants will amend their responses to Interrogatory No. 14 and Request for Production Nos. 8, 9, and 10.

MEMORANDUM OPINION AND ORDER – PAGE 7

Signed March 12, 2025.

_____
David C. Godbey
Chief United States District Judge

MEMORANDUM OPINION AND ORDER – PAGE 8